## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH L. HUNT,<br>    Petitioner,<br><br>v.<br><br>MICHAEL THOMPSON,<br>    Respondent. | Civil Action No. 2004-12330-RGS |

### RESPONDENT'S MEMORANDUM OF LAW
### IN SUPPORT OF THE MOTION TO DISMISS

This memorandum is submitted in support of the respondent's motion to dismiss this habeas corpus petition filed by Kenneth L. Hunt (the "petitioner"). As argued in this memorandum, the petition should be dismissed on the following grounds: (1) this Court lacks jurisdiction where the petition is a "second or successive" petition that has not been authorized by the United States Court of Appeals for the First Circuit, *see* 28 U.S.C. § 2244(b), and (2) in the alternative, the petition is barred by the statute of limitations. *See* 28 U.S.C. §2244(d)(1).[1]

### PRIOR PROCEEDINGS

On February 11, 1982, a Hampden County grand jury indicted the petitioner for first degree murder in violation of G.L. c. 265, §1. *See* Exhibit A, Docket Entries *Commonwealth v. Hunt*, Hampden Criminal No. 82-380. On July 23, 1982, after a jury trial before Massachusetts Superior Court Associate Justice George L. Hayer, the petitioner was convicted of murder in the first degree and sentenced to MCI-Walpole for the term of his natural life. *Id.* The petitioner

---

[1] Since the petition must be dismissed as a "second or successive" petition for which no authorization has been given by the First Circuit, or, in the alternative, pursuant to the statute of limitations, the respondent does not address herein the merits of the petition. Should this Court deny the motion to dismiss, the respondent respectfully requests additional time to file an answer and memorandum in opposition to the petition.

timely noticed an appeal, and on July 28, 1982, filed a motion for new trial in the Hampden

Superior Court. *Id.* On November 24, 1982, Judge Hayer denied the motion for a new trial, and

the petitioner timely appealed the denial of his motion for new trial. *Id.* On May 21, 1984, the

Massachusetts Supreme Judicial Court ("SJC"), in a consolidated appeal, affirmed the

petitioner's conviction and the denial of his motion for a new trial. *See* Exhibit C,

*Commonwealth v. Hunt*, 392 Mass. 28, 465 N.E.2d 1195 (1984).

On July 18, 2001, the petitioner filed an application for rule 30 relief in Hampden

Superior Court that was denied by Associate Justice Constance M. Sweeney on August 4, 2001.

*See* Exhibit A, Docket Entries *Commonwealth v. Hunt*, Hampden Criminal No. 82-380.   On

June 14, 2002, the petitioner filed a motion for new trial that was denied by Associate Justice

Lawrence B. Wernick on September 3, 2002. *Id.* Pursuant to G. L. c.278, § 33E, the petitioner

filed an application in the SJC's single justice session seeking leave to appeal from the denial of

his motion for a new trial. *See* Exhibit D, Docket Entries *Commonwealth v. Hunt*, SJ-2003-

0191. On November 21, 2003, the single justice (Ireland, J.) acting as gatekeeper, denied the

petitioner leave to appeal. *Id.*

On May 4, 2004, the petitioner filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254. *See* Exhibit E, Docket Entries, *Hunt v. Verdini*, U.S.D.C. No. 04-10689-RGS. In

his petition, the petitioner alleged the following: (1) ineffective assistance of counsel; (2)

tampering with evidence by removing fibers from the defendant's sweater; (3) the forensic

expert failed to test all of the evidence properly and did not test some evidence at all; and (4) the

prosecution misled both the jury and the SJC. *See* Exhibit F, Petition for Writ of Habeas Corpus,

*Hunt v. Verdini*, U.S.D.C. No. 04-10689-RGS. On May 26, 2004, the respondent filed a motion

to dismiss the petition motion to dismiss the petition based upon the statute of limitations, along with a support memorandum of law. *See* Exhibit E, Docket Entries, *Hunt v. Verdini*, U.S.D.C. No. 04-10689-RGS. On October 14, 2004, this Court entered an order allowing the respondent's motion to dismiss. *See* Exhibit G, October 14, 2004 Order, *Hunt v. Verdini*, U.S.D.C. No. 04-10689-RGS.

On October 25, 2004, the petitioner filed the instant petition for a writ of habeas corpus. *See* Docket at 3. The petitioner asserts the exact same claims that were raised in his prior habeas petition: (1) ineffective assistance of counsel; (2) tampering with evidence by removing fibers from the defendant's sweater; (3) the forensic expert failed to test all of the evidence properly and did not test some evidence at all; and (4) the prosecution misled both the jury and the SJC. *See* Petition at ¶ 12. The respondent now files a motion to dismiss the petition.

## ARGUMENT

I.   **THIS COURT LACKS JURISDICTION TO ENTERTAIN THE INSTANT PETITION WHERE IT IS "SECOND AND SUCCESSIVE" AND ITS FILING HAS NOT BEEN AUTHORIZED BY THE COURT OF APPEALS.**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a presumption, barring unusual circumstances, that a second or subsequent application for habeas corpus shall be denied or dismissed. 28 U.S.C. § 2244(b). *See Felker v. Turpin*, 518 U. S. 651, 664 (1996) (the AEDPA incorporates principles of res judicata within the compass of the evolutionary process underlying the doctrine of abuse of the writ). The AEDPA strictly limits the circumstances in which a district court may entertain a "second or successive" petition for writ of habeas corpus, and sets forth a procedure for claims asserted in such petitions to be heard. *See Calderon v. Thompson*, 523 U. S. 538, 553-554, 558 (1998).

3

Case 1:04-cv-12330-RGS    Document 11    Filed 12/17/2004    Page 4 of 11

Section 2244(b) provides as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

>>> (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

(4) A district court shall dismiss any claim presented in a second or
successive application that the court of appeals has authorized to be filed unless
the applicant shows that the claim satisfies the requirements of this section.

Under AEDPA's "gatekeeper" provisions, an applicant may not file a second or
successive petition unless and until he has "moved in the appropriate court of appeals for an
order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See
Hohn v. United States*, 524 U. S. 236, 249 (1998); *Stewart v. Martinez-Villareal*, 523 U. S. 637,
641 (1998); *Felker v. Turpin*, 518 U. S. at 664; *Rodriguez v. Superintendent, Bay State
Correctional Ctr.*, 139 F.3d 270, 272 (1st Cir. 1998) ("second or successive" petitions require
"pre-clearance" by court of appeals). This Court lacks jurisdiction to entertain any unauthorized
second or successive petition. *See Libby v. Magnusson*, 177 F.3d 43, 49 (1st Cir. 1999). *See
also Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997) ("AEDPA's prior approval provision
allocates subject-matter jurisdiction to the court of appeals by stripping the district court of
jurisdiction over second or successive petitions unless and until the court of appeals has decreed
that it may go forward."),[2] *cert. denied*, 523 U. S. 1123, 118 S. Ct. 1807 (1998); *Benton v.
Washington*, 106 F.3d 162, 165 (7th Cir. 1996). The AEDPA's gatekeeper provisions apply to
all second or successive petitions filed after the Act's effective date, even when the first petition
was filed and decided prior to passage of the legislation. *See Felker v. Turpin*, 518 U. S. at 655-
657 (petitioner filed motion with Court of Appeals for leave to file second or successive petition

---

[2] The *Pratt* case involved a second petition for post-conviction relief filed by a federal
prisoner pursuant to 28 U.S.C. § 2255, rather than a second or successive petition filed by a state
prisoner under 28 U.S.C. § 2254. *Pratt v. United States*, 129 F.3d at 56. AEDPA's gatekeeper
provisions, however, do not distinguish between the two, as the statute "incorporates by
reference in section 2255 the same screen that AEDPA makes applicable to second or successive
habeas petitions prosecuted on behalf of persons being held in state custody." *Id.* at 57.

about a week after AEDPA's passage, when first petition had been filed in 1993); *Libby v. Magnusson*, 177 F.3d at 46 (gatekeeper provision for second or successive petitions in not an *ex post facto* law); *Pratt v. United States*, 129 F.3d at 59 (noting that in *Felker*, "the Supreme Court uncritically applied AEDPA to a prisoner's second habeas petition even though the prisoner had filed his first petition prior to AEDPA's enactment," an approach "sound not only from a legal perspective but also from the standpoint of common sense").

A decision on the merits on a habeas petition renders any subsequent petition attacking the same judgment of conviction "second or successive."[3] *See Pratt v. United States*, 129 F.3d at 60 (AEDPA, which does not define "second or successive," does not negate pre-AEDPA determinations that a numerically second petition is not "second or successive" if it attacks a different criminal judgment or if the earlier petition terminated without judgment on the merits). Other courts, including the Seventh Circuit, have asserted that "a decision on the merits . . . is not essential to the existence of a first or initial petition." *Benton v. Washington*, 106 F.3d at 164. *See Wainwright v. Norris*, 958 F.Supp. 426, 431 (E.D. Ark. 1996) ("[t]his Court believes that the gatekeeping provisions of the AEDPA envision all second petitions undergoing preliminary review by a court of appeals."). *See also Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997) (later petition "second or successive" when prior petition voluntarily withdrawn by petitioner's counsel).[4] In *Benton v. Washington*, 106 F.3d at 165, the court held that *any* prior

---

[3] In the language of habeas corpus law prior to AEDPA, a "successive" petition only included claims already asserted and rejected on the merits in a prior petition. *Schlup v. Delo*, 513 U. S. 298, 318-19 n.34 (1995).

[4] There are various situations in which courts have determined that a second-in-time petition did not constitute a "second or successive" petition. Foremost among them is the universal holding that when a petition is dismissed for failure of the petitioner to exhaust state

outcome of a petition (with two exceptions: return of an insufficient petition by the Clerk under Rule 2(e) of the Rules Governing Section 2254 Cases, and dismissal on exhaustion grounds) was "presumptively sufficient to bring § 2244(b) into play." The Second Circuit has implied, in the context of a federal prisoner proceeding under 28 U.S.C. § 2255, that any petition challenging the same conviction as a prior petition is second or successive regardless of the outcome, disposition or status of the prior petition. *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996). In *Felker*, the Supreme Court stated that "the new restrictions on successive petitions constitute a *modified res judicata rule*, a restraint on what is called in habeas corpus practice 'abuse of the writ.'" *Felker v. Turpin*, 518 U. S. at 664 (emphasis supplied); *Stewart v. Martinez-Villareal*, 523 U. S. at 645.[5]

Here, in any event, there is no question that the petitioner's first habeas petition was denied on the merits on October 14, 2004 by this Court when it entered an order allowing the

---

law remedies, a later petition is not "second or successive." *Dickinson v. Maine*, 101 F.3d 791, 791 (1st Cir. 1996) (adopting rationale and holding of *Camarano v. Irvin*, 98 F.3d 44 (2d Cir. 1996)). *See also Stewart v. Martinez-Villareal*, 523 U. S. at 644-645 (dictum). The Supreme Court has recently held that a claim is not "second or successive" when the identical claim has previously been dismissed as premature. *Stewart v. Martinez-Villareal*, 523 U. S. at 645. When a prior petition is tendered by a prisoner to the Clerk of Court but not accepted for filing because of the petitioner's unwillingness to pay the $5 filing fee, a subsequent petition is not "second or successive." *Benton v. Washington*, 106 F.3d at 165. A second-in-time petition is not "second or successive" when it challenges a resentencing ordered following a successful first petition, *Esposito v. United States*, 135 F.3d 111, 112-13 (2d Cir. 1997), or when it challenges a prison disciplinary proceeding that became final after determination of a prior habeas petition. *In re Cain*, 137 F.3d 234, 236-37 (5th Cir. 1998). None of these limited exceptions apply in this case.

[5] Several circuits have continued to use the pre-AEDPA "abuse of the writ" standard to determine whether a petition is second or successive. *See Reeves v. Little*, 120 F.3d 1136, 1138 (10th Cir. 1997); *Esposito v. United States*, 135 F.3d 111, 113 (2d Cir. 1997). *But see Wainwright v. Norris*, 121 F.3d 339, 340 (8th Cir. 1997) (AEDPA "discards the pre-Act concept of 'abuse of the writ' in favor of more restrictive standards").

petitioner's motion to dismiss based upon the statute of limitations. *See* Exhibit G, October 14, 2004 Order, *Hunt v. Verdini*, U.S.D.C. No. 04-10689-RGS. Since the first petition challenges the petitioner's 1982 Hampden County conviction for first-degree murder, the instant petition is "second or successive" and cannot be entertained by this Court without authorization of the Court of Appeals pursuant to section 2244(b)(3)(A). This second petition must therefore be dismissed.[6]

---

[6] Under the First Circuit's decision in *Pratt*, a district court faced with an unauthorized second or successive petition may either dismiss the petition or transfer the case to the Court of Appeals pursuant to 28 U.S.C. § 1631. *Pratt v. United States*, 129 F.3d at 57; *Benton v. Washington*, 106 F.3d at 165. *But see In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)(district court "shall transfer" unauthorized petition); *Liriano v. United States*, 95 F.3d at 123 (district court "should transfer" unauthorized petition). The *Pratt* Court also held that it may, in its discretion, treat a notice of appeal of the dismissal of an unauthorized petition as a request for authorization to file a second or successive petition. *Pratt v. United States*, 129 F.3d at 58. *Cf. Wainwright v. Norris*, 958 F. Supp at 432 (transfer improper because petitioner need only file a motion with the court of appeals seeking an order authorizing filing in the district court, and need not file petition itself with court of appeals). In this case, however, transfer is an inappropriate remedy because it does not satisfy the requirement of 28 U.S.C. § 1631 that such transfer be "in the interest of justice." The petitioner has not made – and cannot make – a prima facie case that the requirements of either of the two prongs of section 2244(b)(2) have been fulfilled, and thus any attempt to obtain authorization from the Court of Appeals would be futile. *Rodriguez v. Superintendent, Bay State Correctional Ctr.*, 139 F. 3d at 274-276 (stringent standard of prima facie showing "erects a high hurdle"). The petitioner relies upon no new previously unavailable rule of constitutional law made retroactive to cases in collateral review by the Supreme Court. Rather, he seeks application of established constitutional principles to the facts of his case. Furthermore, the factual predicate of all the claims asserted in the second petition were known to the petitioner in May, 2004 at the time he filed his first petition. *Pratt v. United States*, 129 F. 3d at 62 ("in a second petition for post-conviction relief, the prisoner must be able to point to a new claim of error – that is, a claim of error unavailable the first time around"). Finally, it cannot be said that the facts underlying the petitioner's claims, if proven and viewed in light of the evidence as a whole, would demonstrate at all, much less by "clear and convincing evidence," that but for constitutional error, no reasonable factfinder would have found him guilty.

II.    **THE HABEAS PETITION MUST BE DISMISSED WHERE IT IS BARRED BY THE STATUTE OF LIMITATIONS.**

Pursuant to 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"),

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The SJC affirmed the petitioner's conviction and the denial of his motion for a new trial on May 21, 1984. *See* Exhibit C, *Commonwealth v. Hunt*, 392 Mass. 28, 465 N.E.2d 1195 (1984). In cases like this one, where a conviction became final before the passage of the AEDPA, *i.e.*, before April 24, 1996, petitioners are given a judge-made, one-year grace period to file a habeas corpus petition. *See Gaskins v. Duval*, 183 F.3d 8, 9 (1st Cir. 1999) (applying one-year grace period to §2254 petition). This one year grace period ended on April 24, 1997. *Rogers v. U.S.*,

180 F. 3d 349, 355 n.13 (1sr Cir. 1999), *cert. denied*, 528 U.S. 1126 (2000). As noted above, the petitioner filed nothing within his one year time period. As such, the petition is time-barred.

Furthermore, there are no circumstances that allow this petitioner to invoke the triggering provisions of §§2244(d)(1)(B)-(D). The petitioner allowed four years to elapse before filing a motion for a new trial in state court on July 18, 2001 and an additional year before filing another motion for a new trial in state court on June 14, 2002. *See* Exhibit A, Docket Entries *Commonwealth v. Hunt*, Hampden Criminal No. 82-380. Moreover, the fact that the grace period may be tolled pursuant to the provisions of 28 U.S.C. §2244(d)(2) is no aid to this petitioner. *See Gaskins v. Duval*, 183 F.3d at 9-10. Here, the petitioner's post-conviction filings in state court, specifically, his two motions for new trial, were not filed until, four and five years after the grace period had run. Consequently, this petition is time-barred and must be dismissed.

## CONCLUSION

For the foregoing reasons, this Court must dismiss the instant petition for a writ of habeas corpus for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b) or, in the alternative, the Court must dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d).

Respectfully submitted,

THOMAS F. REILLY
Attorney General

Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

Dated: December 17, 2004

10

**Certificate of Service**

I hereby certify that, on December 17, 2004, I caused to be served a true and correct copy of the foregoing Memorandum of Law In Support of the Respondent's Motion to Dismiss by mailing a copy of the same by first class mail, postage prepaid, and addressed as follows: Kenneth L. Hunt, *pro se*, MCI- Shirely, P.O. Box 1218, Shirley, Massachusetts 01464

Eva M. Badway

11