UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12330-RGS

KENNETH HUNT,
Petitioner

V.

MICHAEL THOMPSON,
Respondent

**REPORT AND RECOMMENDATION ON**

**THE PETITION FOR A WRIT OF HABEAS CORPUS (DOCKET # 3)**

ALEXANDER, M.J.

On July 23, 1982, a Hampden County Superior Court jury found the petitioner, Kenneth Hunt, guilty of murder in the first degree. Mr. Hunt appealed his conviction and filed motions for a new trial, but none of his state court actions proved fruitful. He then filed in May 2004 a petition for a writ of habeas corpus. The respondent then filed a motion to dismiss the petition, which Mr. Hunt never opposed, and on October 14, 2004, the District Court dismissed the petition for failure to oppose the motion. Undeterred, Mr. Hunt then filed another petition, on October 25, 2004, asserting the same claims that were raised in the first petition.

The respondent again moved to dismiss and the District Court thereafter referred that petition to this Court for a Report and Recommendation.

Mr. Hunt, acting *pro se*, makes four claims in his petition: (1) ineffective assistance of counsel; (2) tampering with evidence by removing fibers from his sweater; (3) that the forensic expert failed to test all of the evidence properly and did not test some evidence at all; and (4) that the prosecution misled both the jury and the Massachusetts Supreme Judicial Court.  For the reasons set forth more fully below, the Court RECOMMENDS that the District Court ALLOW the respondent's motion to dismiss.

**Procedural History**

A Hampden County Grand Jury indicted the petitioner for first degree murder on February 11, 1982.  He was thereafter convicted of murder in the first degree, on July 23, 1982, and sentenced to prison for the term of his natural life. The petitioner filed a timely notice of appeal on July 27, 1982.  The petitioner also filed a motion for a new trial, on July 28, 1982.  The Hampden Superior Court denied the motion for a new trial on November 24, 1982, and the petitioner timely appealed that denial to the Massachusetts Supreme Judicial Court ("SJC").  On May 21, 1984, the SJC, in a consolidated appeal, affirmed both the petitioner's conviction and the denial of his motion for a new trial.

Very little occurred in the petitioner's case for the next seventeen (17) years. From 1984 to 2001 the only docketed items involved the petitioner's requests for counsel and funds to hire an investigator. The petitioner did not file another motion concerning his conviction until July 18, 2001, when he filed an application for Rule 30 Post Conviction Relief in which he requested a new trial. The petitioner's application was denied on August 4, 2001. Then, on June 14, 2002, the petitioner filed another motion for a new trial. That motion was denied on September 3, 2002 and the petitioner then filed a motion for leave to appeal that denial with a single justice of the SJC. The single justice denied the petitioner's motion on November 21, 2003.

On May 4, 2004, the petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("the original petition"). In his petition he alleged: (1) ineffective assistance of counsel; (2) tampering with evidence by removing fibers from his sweater; (3) that the forensic expert failed to test all of the evidence properly and did not test some evidence at all; and (4) that the prosecution misled both the jury and the SJC. On May 26, 2004, the respondent filed a motion to dismiss based on the applicable statute of limitations. The petitioner did not file any response to the motion to dismiss, and the District Court allowed the motion on October 14, 2004. Then, on October 25, 2004, the petitioner filed the current

petition for a writ of habeas corpus, asserting the same claims that were raised in the original petition.

In response to the current petition, the respondent again filed a motion to dismiss, asserting that the District Court lacks jurisdiction over the current petition because the petition is "second or successive" and not authorized by the Court of Appeals. The respondent also asserts, as he did in response to the original petition, that the petition is barred by the applicable statue of limitations. The petitioner sought, and was allowed, additional time up to July 29, 2005, to respond to the motion to dismiss. No response was filed.

**Analysis**

**A. Second or Successive Habeas Petition**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") precludes a District Court from hearing a "second or successive" habeas petition. 28 U.S.C. § 2244(b)(1). Although the AEDPA does not define what constitutes a second or successive petition, courts have defined it as a petition filed after a first petition has been dismissed on the merits. Garrett v. United States, 178 F.3d 940, 942 (7th Cir. 1999); Camarano v. Irvin, 98 F.3d 44, 46 (2nd Cir. 1996). A first petition dismissed for failure to exhaust state remedies, however, would not render a later petition filed after the exhaustion of remedies "second or successive" because a

dismissal on the basis of a procedural default does not constitute a dismissal on the merits.  See Stewart v. Martinez-Villareal, 523 U.S. 637, 644-45 (1998).  Similarly, "[t]he filing and rejection of a petition as unintelligible or poorly developed [would] not make the filing of an enlarged specification a 'second or successive' petition. . . ."  Benton v. Washington, 106 F.3d 162, 164 (7th Cir. 1996).

To determine whether the current petition constitutes a "second or successive" petition, the Court must first determine whether the dismissal of the original petition for failure to oppose the respondent's motion to dismiss constitutes a dismissal on the merits.  Said determination is guided by the District Court's rationale in granting the respondent's unopposed motion to dismiss the original petition.

Under Fed. R. Civ. P. 41(b), the District Court has the authority "to dismiss a case 'for failure . . . to prosecute or comply with . . . any court order.'" Norlander v. Plasky, 964 F. Supp. 39, 41 (D. Mass. 1997) (citing Estate of Solis-Rivera v. United States, 993 F.2d 1, 2 (1st Cir. 1993).  Rule 41(b) states that it "operates as an adjudication upon the merits" unless otherwise stated in the order of dismissal.  Although the District Court's October 14, 2004, Order dismissing the original petition does not state the basis for the dismissal, it seems likely that the District Court was exercising its powers pursuant to Rule 41(b).

If that is the case, then the original petition was adjudicated on the merits and the current petition therefore constitutes a "second or successive" petition under the AEDPA. The same conclusion was reached in Reyes v. United States, No. 98-CV-4522, 1999 WL 1021815 (E.D.N.Y. Apr. 12, 1999), where the petitioner's case was dismissed after he failed to comply with a court-ordered schedule and failed to submit papers for four months. Id. at *3. The Court determined that an involuntary dismissal under Rule 41(b) rendered the next application "second or successive." Id.

When a Court is confronted with a second or successive petition "the first step of analysis is to determine whether a 'claim presented in a second or successive habeas corpus application' was also 'presented in a prior application.' If so, the claim must be dismissed; if not, the analysis proceeds to whether the claim satisfies one of two narrow exceptions." Gonzalez v. Crosby, 125 S. Ct. 2641, 2647 (2005) (quoting § 2244(b)). If the claim "relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence" it should not be dismissed. Id. at 2646.

In viewing the instant claim, the Court need not go beyond the first step of analysis as the claims in the petitioner's current petition are the same as those in the original petition. If, therefore, the original petition was indeed dismissed

pursuant to Rule 41(b), and is thus a "second or successive petition," the petition must be dismissed. Another basis for dismissing the petition also exists, however, even if the current petition was not deemed "second or successive." As the respondent avers, the petition was not timely filed.

**B. Statute of Limitations**

Under the AEDPA, a petitioner has one year from the date that a conviction becomes final to file an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). For convictions that became final before the passage of the AEDPA, the one year period began to run on April 24, 1996, the effective date of the AEDPA. See Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir. 1999). A state conviction becomes final, for AEDPA purposes, at the conclusion of direct review, or the date on which the possibility of further appellate review is no longer available. 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled, however, during the pendency of a state court post-conviction challenge. 28 U.S.C. § 2244(d)(2).

Because the petitioner's conviction in the instant case became final prior to the passage of the AEDPA, the petitioner had until April 24, 1997 – one year from the effective date of the AEDPA – to file his habeas petition, barring any events that would have tolled the running of the one year period. The petitioner took no action whatsoever in his case between 1993 and 2001. No other events occurred

that might either toll the one year limitation period or provide a different starting point for the measurement of the one year period. See Libby v. Magnusson, 177 F. 3d 43, 48 (1st Cir. 1999) (discussing the provisions under 28 U.S.C. § 2244(d)(1) that provide the "end points for measuring the AEDPA's one-year limitation period"). The petition, therefore, is time-barred.

**Conclusion**

For these reasons, this Court RECOMMENDS that the District Court DISMISS the petition.

SO ORDERED.

12/21/05
Date

/S/ Joyce London Alexander
United States Magistrate Judge

**NOTICE TO THE PARTIES**

     The parties are hereby advised that under the provisions of Rule 3(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party who objects to this proposed Report and Recommendation must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of the Report and Recommendations.  The written objections must specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection.  The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review.  See Keating v. Sec'y of Health & Human Svcs., 848 F.2d 271, 273 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 687 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140, 155 (1985), *reh'g denied*, 474 U.S. 1111 (1986).