UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.04-CV-12330,RGS

KENNETH L. HUNT
   petitioner

v.

MICHAEL A.THOMPSON
      Respondnt

PETITIONER'S OBJECTION TO PROPOSED

REPORT AND RECOMMENDATION OF MAGISTRATE

Now comes the petitioner in the above cited action, Respectfully requests and Moves this Honorable court to allow this action now before this court for the reasons set forth in this Objection, Pursuatnt to Magistrate RULE,3 (A) (b).

The Magistrate determined that no action "Whatsoever" In this case took piace between 1993, And 2001, Thus, The petition was deemed Untimely. SEE Report, 7-8,Paragraph 3,

Petitioner filed writ of Habeas corpus in April 2004, And not May 2004, As well as refiled a verifed petition as requested by the court April 2004, And entered into court May 2004, Petitioner also

1.

Filed Motion for appointment of counsel May 2004,

Petitioner was not aware of respondent entering into court Motion to dismiss the petition. The petitioner further states that he never received any documents entered into court by respondents that oppased petitioners writ of Habeas Corpus and that if he would have received such documents, Petitioner states he would have entered an immediate response.

Petitioner states that he should not be held responsible for not opposing respondents Motion to dismiss when petitioner was not aware of its existence to put forth such an opposition. Which is the reason that undeturred petitioner filed another petition, Petitiooner believes very strongly in his innocence and states that evidence <u>WILL</u> shcw his innocence and that being illiterate and attempting to do his own legal work petitioner runs the risk of damaging his own case because of his lack of knowledge of the laws.

The petitioner states that in 1986 June,2 court appoints counsel, But C.P.C.S. Assigns no counsel to case and Judges Order was there by ignored (SEE doc #43).

Because no counsels name was given to petitioner and petitioners lack of adequate reading skills. petitioner assumed that counsel was denied petitioner was not aware that counsel was assigned and for nine years did nothing to further petitioners case this beliberate

2.

indiffereace towards the petitioner caused injustice to occur in petitioners case, The is not a simple issue of ineffective assistance of counsel this an issue of assigned counsels deliberately derailing petitioners right to a fair trial and there by potentially creating a miscarriage of justice.

On July 20, 1992 petitioner motioned for appointment of counscl which was granted (SEE doc # 44) But no significant action occrred, (please note petitioner is illiterate and had no choice but to rely solely on the work of counsel) On June 19, 2001 petitioner motioned for appointment of counscl which was denied, Had counsels did what was necessary petitioner would have had his rights perserved and writ of Habeas Corpus would have been entered in a timely fashion. (SEE EXHIBIT A Of the 1992, Aug. 25 End. On # 44) ALLOWD by the court. and also SEE EXHIBIT B) September, 21, 1998) Alos the March 14,2000, As will as EXHIBIT C AND EXHIBIT D, OF JUNE 7, 2001).

## CONCLUSION

Petitioner states that by allowing his Habeas petitiion to move for eward will be in the interest of Justice for it will show that the evidence used to convict the petitioner does infact clearly points to another individual. Petitioner stongely maintains his innocence and although he is illiterate has attempted a strong showing that he is in fact innocent of the crime for which he was convicted of. Petitioner further states that by this HONORABLE COURT GRANING his Habeas Corpus petition he will finally

3.

prove his innocence. For these reason petitioner ask this Honorable Court to ALLOW his Habeas Corpus petition to Move foreward.

CERTIFICATE OF SERVICE

I hereby certify, I have caused copies of these Motions to: The Attorney General Office ( thomas Rielly, A.G.), One Ashburton place, Boston, massachusetts, 02108, On this Wednes day of 1/4 2006,

*Kenneth L Hunt*
KENNETH L. HUNT pro-se
MCI Shirley ( Medium)
P.O. Box 1218
Shirley, Ma 01464

EXHIBIT C



# The Commonwealth of Massachusetts
## Committee for Public Counsel Services
470 Atlantic Avenue, Suite 700, Boston, MA 02210

**WILLIAM J. LEAHY**
CHIEF COUNSEL

TEL: (617) 482-6212
FAX: (617) 988-8484

**PATRICIA A. WYNN**
DEPUTY CHIEF COUNSEL
PRIVATE COUNSEL DIVISION

**ANDREW SILVERMAN**
DEPUTY CHIEF COUNSEL
PUBLIC DEFENDER DIVISION

WRITER'S DIRECT DIAL NUMBER

March 14, 2000

Attorney Deirdre Thurber
19 Bloody Pond Road
Plymouth, MA  02360

Dear Attorney Thurber,

Enclosed please find a copy of a letter from Kenneth Hunt. Would you please review his letter and call me to discuss it at your earliest convenience.

Thank you.

Very truly yours,

Leslie Walker, Esq.
Director, Legal Resources
and Support Services

LW:es
Enclosure

cc:   Mr. Kenneth Hunt

EXHIBIT B

September 21, 1998

Marie Mazza, Clerk
Hampden County Superior Court
Hall of Justice
50 State Street
P.O. Box 559
Springfield, MA  01102-0559

Re:  *Commonwealth v. Kenneth Hunt*
     No.: 82-191

Dear Ms. Mazza:

   I have been assigned by the Committee for Public Counsel Services to review Mr. hunt's conviction in 82-380. I understand that after conviction in that matter, he pleaded guilty in 82-191. Kindly forward a copy of the docket entry sheets in 82-191.

   Thank you for your co-operation.

                                        Sincerely,


                                        Deirdre Thurber



**MARIE G. MAZZA, ESQUIRE**
**CLERK OF COURTS**

ADDRESS ALL COMMUNICATIONS TO:
CLERK, SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
HALL OF JUSTICE
P.O. BOX 559, 50 STATE STREET
SPRINGFIELD, MASSACHUSETTS 01102-0559



EXHIBIT
D

**Hampden Superior Court**
**Commonwealth of Massachusetts**
**Office of the Clerk of Courts**

Office (413) 735-6016 or 6017
Fax (413) 737-1611 TTY (413) 827-9379

**FIRST ASSISTANT CLERK**
DAVID M. CHERNOCK

**ASSISTANT MAGISTRATE**
STEPHANIE A. ROSCOE, ESQ.

**ASSISTANT CLERKS**
KEVIN J. CLAFFEY, ESQ.
MARY C. CULLINAN
WILLIAM L. EASON
JOHN J. FITZGERALD
LAURA S. GENTILE, ESQ.
TERRENCE C. GINLEY
ELIZABETH R. JANGROW
KATHLEEN M. McGREAL
DAPHNE G. MOORE, ESQ.

June 7, 2001

Kenneth Hunt
P.O. Box 1218
Shirley, Mass. 01464

RE.: COMMONWEALTH VS. KENNETH HUNT
   Hampden Superior Court case no. 82-380

Dear Sir:

   In reference to your numerous correspondence, relative to the above entitled matter, please be advised this office is not in receipt of a pro-bono attorneys list. Also please refer to copy of letter attached. See highlighted area which is self-explanatory. Committee for Public Counsel Services will not reconsider this appointment.

                                        Very truly yours,

                                        Nancy Ann Kedzior
                                        Deputy Assistant Clerk

NAK/

Enc.

EXHIBIT
see doc

COMMONWEALTH
OF
MASSACHUSETTS
HAMPDEN, SS.
SUPERIOR COURT
CRIMINAL
DOCKET

NO. 82-380

**COMMONWEALTH VS. KENNETH L. HUNT**

Offense: MURDER 265-1

Surety and amount:

Counsel: John F. Donahue 1341 Main Street, Spfld, Ma. 733-4147

Justice disposing of case: Honorable George J. Hayer

| 1982 | | | |
|---|---|---|---|
| Feb. 11 | 1 | Entered. Appearance John F. Donahue, for the defendant. Arraigned pleads not guilty. (Moriarty,J.) Ordered defendant be examined under Ch. 123, s.s. 15A, for criminal responsibilty and competency to stand trial, at the courthouse, on 3/15/82 at 3:00 P.M. (D.A. Ryan to set date as soon as possible.) Defendant held without bail without prejudice. Attorney John F. Donahue appointed counsel by the Court under Rule 53. (Moriarty,J.) |
| Mar. 11 | 2 | Order for examination of Kenneth L. Hunt under s.s. 15A. Ch. 123, G.L. (Moriarty,J.) |
| | 3 | Petition for assignment of counsel and affidavit. Endorsement on #3---Petition granted. (Moriarty,J.) |
| Mar. 16 | 4 | Commonwealth's motion for hair exemplar Endorsement on #4---Allowed. (Urbano,J.) |
| Mar. 29 | 5 | Report of Psychiatrist.(In Vault.) |

(OVER)

EXHIBIT
See)doc

| 1982 Apr. | 20 | 6 | Pretrial conference report Continued to 5/11/82 to set trial date. (Cross, J.) |
|---|---|---|---|
| | 27 | 7 | Commonwealth's list of witnesses |
| | | 8 | Commonwealth's answer to defendant's motion for exculpatory evidence |
| June 4 | | 9 | Defendant's motion for appointment of independent psychiatrist. |
| | | 10 | Defendant's motion for sequestration of witnesses. |
| | | 11 | Motion for copy of statements. |
| | 24 | | Defendant ordered examined Chapter 123, 15A for Criminal Responsibility Dr. Michelson appointed. (Moriarty, J.) |
| | | 2 | Order for examination of Kenneth L. Hunt under Section 15(a), C123, General Laws. Endorsement on #9— (Moriarty, J.) Allowed. (Moriarty, J.) |
| July 8, | | | Report of Psychiatrist (In Vault) |
| 9 | 13 | | |
| | 14 | | Commonwealth list of trial witnesses. |
| 13 | 15 | | Findings and Rulings on in limine voir dire as to the admissibility of certain statements of the defendant to the police. |
| | | | Foreman: Regina N. Ferris. (Hayer, J.). |
| | 16 | | Waiver of counsel. (for witness). |
| 15 | | | |
| 19 | 17 | | Defendant's motion to suppress evidence. Endorsement on #17— Denied. (Hayer, J.). |
| 23 | 18 | | Verdict: Verdict: Guilty of Murder in the First Degree. Sentence: Massachusetts Correctional Institution—Walpole, for the term of his natural life. (Hayer, Justice). The Court upon imposing sentence ordered that said defendant be deemed to have served 134 days of said sentence prior to trial or awaiting disposition. |
| | | 19 | Certificate of compliance with Rule 65 of the Rules of the Superior Court. (over) |

EXHIBIT
see doc

COMMONWEALTH
OF
MASSACHUSETTS
HAMPDEN, SS.
SUPERIOR COURT
CRIMINAL
DOCKET

NO. 82 380

COMMONWEALTH VS. KENNETH L. HUNT

Offense:

Surety and amount:

Counsel:

Justice disposing of case:
2nd. Sheet

| Date | # | Entry |
|---|---|---|
| 1982 Jul 27 | 20 | Notice of Appeal. |
| 28 | 21 | Notified Hayer, J. and D.A. |
|  | 22 | Findings and Rulings on admissibility of statement signed by the defendant obtained by defendant's girlfriend which was turned over to the Police. |
| Aug. 6 | 23 | Motion for New Trial. |
| 23 | 24 | Request for Transcript. |
|  | 22 | Affidavit of Merit and Defense of Kenneth Hunt. Notified Hayer, J. and District Attorney. |
| Sept.13 |  | Ordered defendant be remanded to Hampden County House of Correction until 9/14/82 at 9:30 A.M.. (Hayer, J.) |
|  | 25 | Order of Remand. (Hayer, J.) |
| 14 |  | Defendant ordered remanded back to MCI-Walpole. Atty.'s conference for September 22, 1982. (Hayer, J.) |
|  | 26 | Order of Remand. (Hayer, J.) |
| Oct. 5 | 27 | Defendant's motion for post conviction relief under Rule 30(a); Petition for writ of Habeas Corpus under M.G.L. c. 248, S 1. |
| Nov. 24 |  | Endorsement on #22---Motion denied.(Hayer,J.) |

EXHIBIT
See) doc

| Date | # | Entry |
|---|---|---|
| 1982 Nov. 24 | 28 | Findings and Rulings on Motion for a New Trial. (Hayer, J.) |
| Dec. 2 | 29 | Notified John F. Donahue, Esq, and District Attorney. |
| | 30 | Notice of Appeal. (Denial of Motion for a new trial) |
| | 31 | Request for transcript. (Denial of Motion for a new trial) |
| * 3 * | 32 | Notified Hayer, Justice and District Attorney. |
| 13 | | Defendant's motion for allowance to file bill for services late. |
| | 33 | Endorsement on #31 --- Allowed. (Hayer, J.). |
| | | Endorsement on #32 --- No action taken. (Hayer, J.). |
| | | Endorsement on #30 --- Allowed. (Hayer, J.). |
| 1983 Feb. 10 | | Certificate in Re: Order for transcript. |
| 16 | 34 | Defendant's Pro Se Motion to allow the withdrawal of counsel of record and to defer the appointment of new counsel. (dec 82-191) |
| 14 | 35 | Endorsement on #35 --- Allowed. (Hayer, J.). |
| | 36 | Certificate in Re: Order for transcript. |
| *Dec. 8 | 31A | Notified Micheline I. Bourbonnais, Stenographer. |
| | | Defendant's Motion for Compensation in Excess of Amount specified pursuant to Rule 53 (2) of the Rules of the Superior Court |
| | | Endorsement on # 31A — allowed. (Hayer, J.) |
| 1984 Apr. 15 | 37 | Amended Request for transcript. |
| | | Statement of Reasons for Assignment of Counsel. |
| 1984 Jun 20 | 38 | Certificate in Re Delivery of transcript. |
| | 39 | Notice of Assembly of Record on Appeal. |
| 1986 May 16 | 40 | Rescript: Judgment affirmed. |
| | | Rescript: Denial of motion for new trial affirmed. |
| | 41 | Motion for commitment to the center established under General Laws, Chapter 123A Section 2, 1958 |
| | 42 | Report of Psychiatrist. (In Vault). |
| | | Notice to defendant of motion for commitment to the center established under |

4)

EXHIBIT
See)doc

**COMMONWEALTH VS.** KENNETH L. HUNT

NO. 82-38.0

COMMONWEALTH OF MASSACHUSETTS
HAMPDEN, SS. SUPERIOR COURT
CRIMINAL DOCKET

Offense:
Surety and amount:
Counsel:
Justice disposing of case:

3rd Sheet

| Date | # | Entry |
|---|---|---|
| 1986 May 16 | | General Laws, Chapter 123A, Section 2 of 1958 for sixty days observation. |
| 19 | | Notified D.A. and deft. |
| June 2 | | Court appoints Committee Public Counsel. (Urbano, Justice) |
| | | Notified CPCS, Boston. |
| 1992 July 20 | 43 | Notice - Assignment of Counsel. |
| | 44 | Motion for appointment of counsel on appeal. |
| | | Notified Sweeney, RAJ. and D.A. |
| Aug. 25 | | End. on #44 -- ALLOWED by the court. Refer to C.P.C.S. for counsel designation. (Sweeney, J.) |
| 26 | 45 | NAC. Not. D.A. and deft. |
| 1993 Jan. 19 | 46 | NAC. |
| Feb. 2 | | Notified CPCS. |
| 2001 June 19 | 47 | Mot. for appointment of counsel. n. 7/5. |
| | 47a | Aff. |
| July 5 | 48 | Mot. for funds to hire a private investigator. n. 7/5. |
| | | #47- Denied. (see pleading) (Sweeney, J.) n. 7/6. |
| | | #48- Denied. (see pleading) (Sweeney, J.) n. 7/6. |
| July 18 | 49 | Application for rule 30 relief. n. 8/1. |
| | 50 | Motion for appointment of counsel. n. 8/1. |

EXHIBIT See)DOCK

| 2001 Aug. 4 | | #49- Denied without prejudice. (Sweeney, J.) |
| --- | --- | --- |
| / | | #50- Denied without prejudice. (Sweeney, J.) |
| 2002 June14 | 51 | Mot. for appointment of counsel. n. 6/24. |
| | 52 | Mot. for new trial. n. 6/24. |
| | 52.1 | Aff. |
| Sept. 3 | | #51- Denied. (Wernick, J) n. 9/6. |
| | | #52-Denied. (see pleading) (Wernick, J) n. 9/6. |
| *16 | 53 | Notice of Appeal N. 10/2/02 |
| 20 | 54 | Notice of Appeal. |